IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BRUCE WOOD, GLENN SMITH,** and **ANGELA WOOD**, | Civil Case No. 10-1256-KI |
| Plaintiffs, | OPINION AND ORDER |
| vs. | |
| **CML-OR 5TH, LLC**, a Florida Limited Liability company ("CML-OR"); and **FEDERAL DEPOSIT INSURANCE CORPORATION**, as Receiver of Bank of Clark County ("F.D.I.C."), **RIALTO CAPITAL MANAGEMENT, LLC**, a Delaware Limited Liability Company, and **MULTIBANK 2009-1 CM-ADC VENTURE**, a Delaware Limited Liability Company ("MultiBank"), | |
| Defendants. | |

Don S. Willner & Associates, P.C.
621 SW Morrison Street, Suite 1415
Portland, Oregon  97205

Attorney for Plaintiffs

Page 1 - OPINION AND ORDER

       Mark C. Hoyt
       Russell W. Pike
       Russell L. Getchell
       Sherman, Sherman, Johnnie & Hoyt, LLP
       P. O. Box 2247
       Salem, Oregon  97308

           Attorneys for Defendants

KING, Judge:

      This Opinion and Order relates to Multnomah County Circuit Court case <u>CML-OR 5th, LLC v. Caplan Landlord</u>, No. 1007-10613 ("state court action"), a case which plaintiffs in the above-captioned federal court action ("federal court action") attempted to remove to this Court. The state court action was brought by CML-OR 5th, LLC, defendant in the federal court action, on July 21, 2010, against Caplan Landlord and also against plaintiffs in the federal action, Glenn Smith, Bruce Wood, and Angela Wood.

      Plaintiffs Smith and the Woods subsequently brought the above-captioned case in federal court against several defendants, including CML-OR 5th, LLC and the Federal Deposit Insurance Corporation. On November 10, 2010, Smith and the Woods attempted to remove the state court action by filing in the federal court action several documents they called "Notice Filed by All Plaintiffs." (#5). The documents include "Defendants' Notice of Removal to Federal Court Under 28 U.S.C. § 1446(b) (Federal Question)" and CML-OR 5th, LLC's state court complaint against Smith and the Woods. Pending before the court is CML-OR 5th LLC's Motion to Remand Case No. 1007-10613 to Multnomah County Circuit Court (#15).

## LEGAL STANDARDS

      A civil action brought in state court may be removed by the defendant to the federal district court if the district court has original jurisdiction over the action, that is, if the action

Page 2 - OPINION AND ORDER

could have been brought first in the district court.  28 U.S.C. § 1441(a).  The party seeking removal has the burden of establishing federal jurisdiction.  Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C., 992 F.2d 932, 934 (9th Cir. 1993).  Courts strictly construe the removal statute against removal jurisdiction.  Any doubt as to the right of removal is resolved in favor of remand.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## DISCUSSION

As an initial matter, Smith and the Woods improperly removed the state court action from state court to federal court.  The Federal Rules of Civil Procedure treat a removed action "as though it originally had been commenced in a federal court[.]"  4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1024 (3d ed. 2002).  Instead, Smith and the Woods attempted to import a separately filed state action into an already pending federal case, when they should have removed the state court action and paid the filing fee "as though it originally had been commenced in a federal court."

Aside from the ineffective removal, this court lacks subject matter jurisdiction over the state court action.  In its case, CML-OR 5th, LLC seeks appointment of a receiver, foreclosure of a trust deed, and recovery for breach of guaranty, all claims involving only questions of state law.  The existence of federal subject matter jurisdiction must be apparent on the face of the complaint.  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).  No claim brought by CML-OR 5th, LLC involves any application of federal constitutional or statutory law.

Essentially, Smith and the Woods attempt to remove the state court action because they believe it is related to their federal case.  They point to the fact that they have sued the FDIC in the federal case, that the agreement giving rise to the claims in state court provides that federal law applies, and suggests the Court may exercise supplemental jurisdiction over the state case.

Page 3 - OPINION AND ORDER

The fact that the pending federal case and the improperly removed state court action may arise from the same controversy between the parties is insufficient to confer jurisdiction on this Court.  See Federal Nat. Mortg. Ass'n v. Bridgeman, No. 2:10-cv-02619 JAM KJN PS, 2010 WL 5330499, at *5 (E.D. Cal. Dec. 20, 2010) (collecting cases).  CML-OR 5th, LLC did not sue the FDIC in Multnomah County and it did not choose to raise claims relying on federal law. Finally, a state claim may be removed through the use of supplemental jurisdiction, but only if "another claim in the complaint is removable." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 n.3 (2003).

Since Smith and the Woods lacked an objective basis for removal to federal court, CML-OR 5th, LLC is entitled to costs and attorney's fees incurred to remand the case, but not in excess of $500.  See 28 U.S.C. § 1447(c).  CML-OR 5th, LLC may submit a motion itemizing its costs and attorney's fees at the conclusion of the case.

## CONCLUSION

For the foregoing reasons, the Court grants defendant's Motion to Remand (#15) Multnomah County Circuit Court case CML-OR 5th, LLC v. Caplan Landlord, No. 1007-10613. The Clerk is directed to send ECF docket #5 to Multnomah County Circuit Court and to inform the court in a cover letter that this Opinion and Order relates to case CML-OR 5th, LLC v. Caplan Landlord, No. 1007-10613.

IT IS SO ORDERED.

Dated this      5th      day of January, 2011.

      /s/ Garr M. King
      Garr M. King
      United States District Judge