IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BRUCE WOOD, GLENN SMITH,** and **ANGELA WOOD**, | Civil Case No. 10-1256-KI |
| Plaintiffs, | OPINION AND ORDER |
| vs. | |
| **CML-OR 5TH, LLC**, a Florida Limited Liability company ("CML-OR"); and **FEDERAL DEPOSIT INSURANCE CORPORATION**, as Receiver of Bank of Clark County ("F.D.I.C."), **RIALTO CAPITAL MANAGEMENT, LLC**, a Delaware Limited Liability Company, and **MULTIBANK 2009-1 CM-ADC VENTURE**, a Delaware Limited Liability Company ("MultiBank"), | |
| Defendants. | |

      Don S. Willner & Associates, P.C.
      621 SW Morrison Street, Suite 1415
      Portland, Oregon  97205

          Attorney for Plaintiffs

Page 1 - OPINION AND ORDER

>Mark C. Hoyt
>Russell W. Pike
>Russell L. Getchell
>Sherman, Sherman, Johnnie & Hoyt, LLP
>P. O. Box 2247
>Salem, Oregon  97308
>
>   Attorneys for Defendants

KING, Judge:

Plaintiffs Bruce Wood, Glenn Smith and Angela Wood bring suit against CML-OR 5th, LLC, the Federal Deposit Insurance Corporation ("FDIC"), as Receiver of Bank of Clark County ("BOCC"), Rialto Capital Management, LLC and Multibank 2009-1 CM-ADC Venture arising out of the BOCC's failure as a financial institution and subsequent alleged misconduct of the FDIC acting as receiver. Pending before me is the FDIC's Motion for Order to Dismiss Plaintiffs' Complaint as to all Claims Pursuant to Fed. R. Civ. P. 12(b)(1), (3) and (6) (#21).

## ALLEGED FACTS

Plaintiffs are guarantors on a $8,160,000 loan from the BOCC to Caplan Landlord, LLC, which is secured by the Caplan Building at 510 SW 5th Ave. BOCC failed and was placed into FDIC Receivership on January 16, 2009. The FDIC made the interest carry payments as required by the loan agreement for two months. The FDIC transferred the loans "at various times to various other Defendants." Compl. ¶ 11. On July 21, 2010, defendant CML-OR filed a foreclosure suit in Multnomah County Circuit Court.

Plaintiffs allege BOCC breached its contract, and that the FDIC is liable as the entity that stepped into the shoes of BOCC. Plaintiffs also allege the FDIC failed to properly supervise BOCC. Additionally, plaintiffs alleged the FDIC reaffirmed the loans by stepping into the shoes of BOCC and paying two months carry payments, failed to repudiate the loans within a

reasonable period of time, and violated the Equal Credit Opportunity Act. With respect to the remaining defendants, plaintiffs allege that "by accepting the transfer of these loans, [they] stepped into the shoes of FDIC in connection with the guarantees of these Plaintiffs" and "[a]ssumed [b]reach of [d]uty[.]" Compl. ¶ 28.

The FDIC's primary argument is that this Court lacks jurisdiction under the Financial Institution's Reform Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. §1821, because plaintiffs failed to exhaust their administrative remedies under that Act. The FDIC published its Notice of Receivership on January 16, 2009. The Notice required claims to be filed by April 23, 2009. On October 11, 2010, plaintiffs filed this lawsuit. On December 9, 2010, FDIC sent a notice to plaintiffs' counsel alerting him that it "has discovered that you may have a claim against the Failed Institution" and informing him that the Receiver "may consider claims filed after the Claims Bar Date if: 1) the claimant did not receive notice of the appointment of the Receiver in time to file a claim, AND 2) the claim is filed in time to permit payment of the claim." Shaw Decl. Ex. B, at 10-11.

## LEGAL STANDARDS

Normally a motion attacking a failure to exhaust administrative procedures is treated as an unenumerated 12(b) motion and is considered a "matter in abatement" that is "related" to the court's jurisdiction. Ritza v. Int'l Longshoremen's and Warehousemen's Union, 837 F.2d 365, 368-69 (9th Cir. 1988) (per curiam). However,

> [a] statute that requires exhaustion of administrative remedies may limit the district court's subject matter jurisdiction if the exhaustion statute is 'more than a codified requirement of administrative exhaustion' and contains 'sweeping and direct' language that goes beyond a requirement that only exhausted claims be brought.' Weinberger v. Salfi, 422 U.S. 749, 757 (1975); Anderson v. Babbitt, 230 F.3d 1158, 1162 (9th Cir. 2000).

McBride Cotton and Cattle Corp. v. Veneman, 290 F.3d 973, 978 (9th Cir. 2002). The requirement in FIRREA that claimants exhaust their administrative remedies is jurisdictional. Id. at 979.

Accordingly, a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may attack the substance of the complaint, even though the allegations establish jurisdiction, and may rely on affidavits or other evidence before the court. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).[1]

## DISCUSSION

FIRREA provides for the FDIC to be appointed as receiver "for the purpose of liquidation or winding up the affairs of an insured Federal depository institution[.]" 12 U.S.C. § 1821(c)(2)(A)(ii). The Receiver has authority to "determine claims in accordance with the requirements" of the statute and regulations. Id. at §1821(d)(3)(A).

Under the statute, the FDIC is required to publish and republish notice to the bank's creditors to "present their claims, together with proof, to the receiver by a date specified in the notice which shall be not less than 90 days after the publication of such notice[.]" Id. at §1821(d)(3)(B)(i). The Receiver must also mail a notice "to any creditor shown on the institution's books–(i) at the creditor's last address appearing in such books; or (ii) upon

---

[1] Accordingly, I decline plaintiffs' request that, because the agency submitted a declaration, the FDIC's motion be converted into a motion for summary judgment.

Page 4 - OPINION AND ORDER

discovery of the name and address of a claimant not appearing on the institution's books within 30 days after the discovery of such name and address." Id. at §1821(d)(3)(C).

The Receiver is required to issue a determination on the claim within 180 days of receiving a claim, unless the claimant agrees to extend the time. In the event the Receiver denies a claim, the claimant must be instructed as to "the procedures available for obtaining agency review of the determination . . . or judicial determination of the claim." Id. at §1821(d)(5)(A)(iv)(II). Additionally, the receiver may consider claims filed after the end of the filing period if "(I) the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date; and (II) such claim is filed in time to permit payment of such claim." Id. at §1821(d)(5)(C)(ii). The claimant may request administrative review of the claim or "file suit on such claim . . . in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim)." Id. at §1821(d)(6)(A).[2]

Most important to the resolution of the FDIC's motion, FIRREA provides:

**(D)  Limitation on judicial review**

Except as otherwise provided in this subsection, no court shall have jurisdiction over–

(i)  any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the

---

[2] Plaintiffs concede they filed this action in the wrong district. They argue that this Court should exercise discretion and permit the suit to remain here for the sake of efficiency. Even if I found the exhaustion requirements did not bar this lawsuit, I would have transferred the case to the Western District Court of Washington. The BOCC's principal place of business was in that district. Nothing in 28 U.S.C. § 1404(a), which permits a transfer to a district where the case "might have been brought," would have permitted me to ignore the plain language of Section 1821(d)(6)(A).

Page 5 - OPINION AND ORDER

>Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
>(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

Id. at §1821(d)(13)(D).

Consistent with this provision, I cannot resolve plaintiffs' claims. As the Ninth Circuit explained,

>The statute contains no provision granting federal jurisdiction to claims filed after a receiver is appointed but before administrative exhaustion. Meliezer v. RTC, 952 F.2d 879, 882 (5th Cir. 1992). Section 1821(d)(13)(D) strips all courts of jurisdiction over claims made outside the administrative procedures of section 1821 . . . . A claimant must therefore first complete the claims process before seeking judicial review. Abbott Bldg. Corp. v. United States, 951 F.2d 191, 194 n.3 (9th Cir. 1991) ("FIRREA did create a claims procedure, and required its exhaustion.").

Henderson v. Bank of New England, 986 F.2d 319, 320 (9th Cir. 1993).

Plaintiffs do not dispute that FIRREA imposes an exhaustion requirement. Instead, they attempt to avoid the requirement by arguing they did not receive notice and that the FDIC should be estopped from requiring initiation of administrative review because the claims period has passed. They testify they all live in Oregon, that the notice was published in the Columbian in Vancouver, Washington, and that none of them saw the notice or knew about it. They admit their attorney received a letter on December 9, 2010 notifying him about the administrative claims process.

As an initial matter, estoppel "may not prevent an objection to subject matter jurisdiction, because such an objection . . . may be raised at any time, by any party or the court." Intercontinental Travel Marketing, Inc. v. FDIC, 45 F.3d 1278, 1286 (9th Cir. 1994).

As for lack of notice, it is true that in addition to publishing notice, the FDIC must also mail a notice "to any creditor shown on the institution's books–(i) at the creditor's last address

Page 6 - OPINION AND ORDER

appearing in such books; or (ii) upon discovery of the name and address of a claimant not appearing on the institution's books within 30 days after the discovery of such name and address." 12 U.S.C. §1821(d)(3)(C).  Neither plaintiffs nor the FDIC identify when the FDIC received notice of plaintiffs' claims.  If the FDIC failed to mail notice within 30 days of discovering plaintiffs' claims, plaintiffs have failed to identify or allege any "affirmative misconduct or intentional disregard of the mail notice requirement by the FDIC [that] could toll the bar date" and the FDIC's negligence, if any, in failing to send the notice earlier "is not enough to exclude [plaintiffs] from failing to exhaust [their] administrative remedies under FIRREA."  Intercontinental Travel, 45 F.3d at 1285.

Pursuant to the December 10, 2009 notice, plaintiffs may have an opportunity to file a claim with the FDIC.  As the FDIC stated in its brief, "[I]f Plaintiffs are able to establish they did not have sufficient awareness of the appointment of the Receiver to require filing a claim, they may still avail themselves of the Administrative Claim process pursuant to the Discovered Creditor letter."  FDIC's Mem. in Supp. of Mot. for Order to Dismiss at 11.  Until then, this Court lacks subject matter jurisdiction.

FDIC makes alternative arguments, which I do not need to reach.  Since the allegations in plaintiffs' complaint are directed at the FDIC's acts or omissions, plaintiffs' complaint must be dismissed while they exhaust their administrative remedies.

## CONCLUSION

For the foregoing reasons, I grant the FDIC's Motion for Order to Dismiss Plaintiffs' Complaint as to all Claims (#21), but I do so without prejudice.  See Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988) ("Ordinarily, a case dismissed for lack of subject matter

jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court.").

IT IS SO ORDERED.

        Dated this    28th    day of March, 2011.

                              /s/ Garr M. King
                              Garr M. King
                              United States District Judge